Wanda BRISCOE–KING,
Plaintiff—Appellant,

v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS; et al.,
Defendants—Appellees.

No. 04–16285.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 2006.

Decided May 31, 2006.

Leroy J. Lounibos, Jr., Esq., Lounibous, Lounibous and Tinney, Petaluma, CA, for Plaintiff–Appellant.

John Houston Scott, Esq., The Scott Law Firm, San Francisco, CA, Barton R. Jenks, Esq., Michael F. Sweeney, AGCA—Office of The California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: RYMER and WARDLAW, Circuit Judges, and WARE,* District Judge.

MEMORANDUM **

Wanda Briscoe–King appeals the district court's denial of her motion for a new trial in her section 1983 action alleging that she was fired from the California Department of Corrections (CDC) in retaliation for her

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

exercise of free speech rights. She contends the district court abused its discretion in admitting evidence of her prior bad acts and erred in its application of *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). We affirm.

The district court did not abuse its discretion in admitting evidence of Briscoe–King's prior bad acts. Evidence of those acts was relevant to Peralta and Montes's defense that they did not seek to have Briscoe–King terminated in retaliation for her allegedly protected speech, but rather because of her inability to work with others and the disruptions she caused in the workplace. Under *Mt. Healthy*, this is a valid explanation for Peralta's and Montes's motives, regardless of whether California law permitted CDC to terminate Briscoe–King for her prior bad acts. The district court did not abuse its discretion in ruling that the admitted evidence was not unduly prejudicial, *see* Fed.R.Evid. 403, and, in any event, the evidence was unlikely to have tainted the jury's verdict in light of the strong evidence of Briscoe–King's intentionally false and reckless speech. *Cf. Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir.2005). Nor did the district court err in allowing the jury to decide whether Appellees retaliated against Briscoe–King because of her speech. Because the jury found that not one of the Appellees retaliated against Briscoe–King, whether or not her speech was protected, Briscoe–King cannot prevail.

Nevertheless, the jury also reached special verdict findings that Briscoe–King's "Stockton report" was intentionally false in substantial and material ways and that her speech as to racial discrimination was reckless. The district court properly weighed these findings in analyzing Briscoe–King's speech and did not err in concluding it was unprotected. Intentionally and recklessly false speech receives "very limited" First Amendment protection, *Johnson v. Multnomah County*, 48 F.3d 420, 426 (9th Cir.1995), and Briscoe–King's speech substantially interfered with CDC's operations, *see Gilbrook v. City of Westminster*, 177 F.3d 839, 867–68 (9th Cir. 1999), *as amended*. Our 2002 affirmance of the district court's denial of summary judgment did not establish as law of the case that Briscoe–King's speech was protected, because there our review required that we view the facts "in the light most favorable to Briscoe–King." The jury's determination that her speech was false and reckless altered the *Pickering* balancing test.

**AFFIRMED.**